## DAVID CANADA *versus* EDMUND SOUTHWICK.

By an indorsement on a writ, the officer was directed to "attach property or make no service."  The officer attached certain property, which was alleged in the return to belong to the debtor.  In an action against the officer for not seizing it on execution, he may prove in defence, that it was not the property of the debtor.

Personal property under mortgage was attached by the plaintiff as the property of the mortgager, but no notice of such mortgage was given by the mortgagee to the attaching officer at the time of such attachment, nor to the plaintiff during the whole course of the action against the mortgager, although the mortgagee was the attorney of the mortgager in such action, and knew of the attachment of this property.  It was *held*, that the conduct of the mortgager was not such as in a court of law would have the effect to give the plaintiff's attachment a priority over the mortgage.

THIS was case against a deputy sheriff for not taking on execution an ox, which he had returned as attached by virtue of a writ issued in favor of the plaintiff against John Y. Harrendien, the return alleging, that the ox was the property of Harrendien.

At the trial in the Court of Common Pleas, before *Cum-*

*mins* J., upon the general issue, it was proved by the plain-
tiff, that the defendant was directed by an indorsement on the
writ against Harrendien, to " attach property or make no ser-
vice."

The defendant offered to prove in defence, that the ox
attached was, at the time of the attachment, the property of
Nathan Putnam, to whom it was mortgaged by Harrendien
previously to the passage of *St.* 1832, *c.* 157, providing that
mortgages of personal property shall not be valid against third
persons, unless the property be delivered to the mortgagee,
or unless the mortgage be recorded.

The plaintiff objected to the admission of this evidence, on
the ground, that, as he had directed the defendant to " attach
property or make no service," the defendant had his election,
and could not now contradict his return, by proving that the
property attached did not belong to Harrendien. This objec-
tion was overruled.

It further appeared, that in 1832, after the attachment was
made, the ox in question, together with three others, were
again mortgaged to Putnam, to secure him against various
liabilities, among which was included the liability which he
might incur by receipting to the defendant in this case for the
ox in controversy ; and that this mortgage was duly recorded,
in pursuance of the statute. It was proved by the testimony
of Putnam, that the subsequent mortgage was not to supersede
the previous mortgage ; and that the ox in question was sold
under the first mortgage.

It did not appear that the plaintiff was apprized of the claim
of Putnam during the whole progress of his action against
Harrendien, either by Putnam or the defendant, although Put-
nam was the attorney of Harrendien, in such action. Nor did
it appear that Putnam had notified to the defendant, that he
had any title to the property, nor that he reclaimed it as his
own, up to the time when the second mortgage was made.

The plaintiff objected, that inasmuch as Putnam knew of
the attachment, and did not disclose his title to the property,
either to the defendant who attached it, or to the plaintiff, his
title thereto was void, on the ground of fraud, and the defend-
ant could not now show, that such property, at the time of the

attachment, belonged to Putnam, and not to Harrendien, but this objection was also overruled.

The jury returned a verdict for the defendant.

*Sept. 16th.*     *Robinson* and *Parish*, for the plaintiff.     The special instructions indorsed on the writ, renders this case an exception to the general rule allowing an officer, in an action against him for not seizing on execution, property which he had attached, to prove that the property did not belong to the execution debtor.     Where such evidence has been admitted, the directions to the officer on the writ were general.     *Fuller* v. *Holden*, 4 Mass. R. 498 ; *Tyler* v. *Ulmer*, 12 Mass. R. 163 ; *Learned* v. *Bryant*, 13 Mass. R. 224 ; *Denny* v. *Willard*, 11 Pick. 519 ; *Gardner* v. *Hosmer*, 6 Mass. R. 325.

*C. A. Dewey*, for the defendant.

*Sept. 17th.*     PUTNAM J. delivered the opinion of the Court.     The general rule, that an officer who is sued for not levying upon property attached as belonging to the debtor, may prove a paramount title in another, in his defence, seems not to be controverted.     The cases cited by the plaintiff's counsel fully maintain that law.     The question is, whether by any thing stated in the bill of exceptions, the defendant is by law prevented from making such a defence against this action.

And the plaintiff contends that the defendant is precluded from that defence on two grounds : first, that it would falsify the defendant's return of the attachment upon the original writ ; and secondly, that, from the evidence given in the case, the judgment should have been for the plaintiff, because the property claimed by Putnam was divested by fraud, and so was liable to be taken in satisfaction of the plaintiff's demand.

In regard to the first suggestion, there is no doubt that an officer cannot by law be permitted to falsify his return. This rule was recognised in the case of *Gardner* v. *Hosmer*, 6 Mass. R. 325.     For example, if he returns that he has attached certain personal property, describing it, he cannot be permitted to say that he never did attach such property.     If the writ commanded him to attach to a certain amount, and he should return that he had done so, without particularizing what he had attached, he could not be

permitted to deny that he had attached to the amount com-
manded. If he would avoid that responsibility, he should
return what he had done in the serving of the process, truly
and particularly.

But we think in the case at bar the defence does not
falsify the return. The direction of the plaintiff on the
back of the writ, to " attach property or make no service,"
controlled the general command in the writ only so far as
this general command required the arresting of the person
of the debtor. But the direction to the officer not to
serve the writ unless he attached property, impliedly com-
manded a service to be made if he could find property to
attach. And the meaning of such instruction must be con-
strued to be, that if the officer can find any goods &c.,
which he thinks belong to the debtor, he shall attach them.
It could not be construed to mean, that the officer was to
omit the service until he should find property that he should
be willing to warrant or guaranty to be the debtor's. Such
a construction would be very harsh and unreasonable. When
the officer returns that he has attached particular property in
obedience to the writ, it means, that he has taken and at-
tached it as the property of the debtor. And if it turns
out to be so, the creditor will by proper proceedings
have the benefit of it. If it turns out not to be so, then it
should not have been taken and attached. But if the offi-
cer has done his duty according to his best discretion, with-
out fraud, he is not to be punished for the mistake. No
fraud is suggested against the defendant.

But it is contended that the evidence given by Mr. Putnam,
*per se* disproves that the legal property was in him, because
he did not disclose his claim under the mortgage, to the
defendant when he made the attachment. We do not think
that any such fraud is proved as in a court of law should
postpone the mortgage. There would remain a reversionary
interest in the property liable to the attachment of the cred-
itors of the mortgager. The creditor parted with no money
or property in making his attachment, as a vendee does in
the case of a sale. It might happen that the debtor would
pay the debt to Putnam, and so leave the property liable in

the whole to the attachment of other creditors. It might happen that the attaching creditor would never prosecute the suit, or if he did, he might not recover, or if he recovered, the execution might be levied on the body or on other property. Putnam had used his diligence to get security upon this property, and the plaintiff was using his, and each acted independently of the other. The mortgagee, under these circumstances, by his silence in regard to his own claim upon the property, did not vacate or postpone the claim under the mortgage. It does not appear that there was any other property to attach. The case might present very different considerations if it appeared that Putnam had induced the defendant to attach this property, and not some other property which otherwise he would have attached, with the intent to aid the debtor to dispose of the other property, or to enable other creditors to attach the same, concealing all the time his lien. It will be time enough to settle such a case when it arises.

We are all of opinion, that the exceptions of the plaintiff to the opinion of the presiding judge of the Common Pleas be overruled.